# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) | |
| ) | Civil Action No. 5:16-cv-01876-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U/M Ranata Sowell; A/W Kenneth Sharp; ) | |
| and Ms. Debt, Classification Officer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding pro se, brought this action seeking declaratory and injunctive relief. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on June 21, 2016, recommending that Plaintiff's Complaint, (ECF No. 1), be dismissed without prejudice for failing to exhaust his administrative remedies under 42 U.S.C. § 1997e. The Report sets forth the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The parties were advised of their right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by June 27, 2016. (ECF No. 17 at 3.) Neither party filed an objection.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo review*, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation, (ECF No. 10), and **DISMISSES** Plaintiff's action, (ECF No. 1), without prejudice for failing to exhaust administrative remedies.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 14, 2016
Columbia, South Carolina

2